23-2738. You may proceed. May it please the Court, Matthew Freitas along with my colleague, Rosie Dawn Griffin, on behalf of Centerville Clinics, Inc., the appellant. Your Honors, Congress— Reserve some time. Oh yes, thank you. Three minutes for rebuttal, please. That's great. Congress afforded health centers like Centerville Clinics, Inc. with the same immunity that public health service employees have under Section 233 of Title 42, the same immunity. That immunity would not be the same if there were not comparable procedural protections available when there's a conflict with the government's coverage decision versus the request for immunity. So when that dispute exists, there has to be a mechanism to resolve it. Congress created two. There's Title 42, Section 233, L1 and 2, and also 1442. Those provisions are complementary. They operate differently and have unique features, and there's no inherent problem with having more than one protection to afford a federal forum to safeguard a federal immunity. So in response to the Court's specific question for additional briefing, we would say we'd emphasize that, that they do operate differently, just like the Second Circuit said in Agent. One feature that the Second Circuit did not highlight but we think is very significant is that 233, L1 operates for the benefit and on behalf of the defendant. Unlike 1442, where the defendant has to invoke the process, get attorneys, go into court, do substantive litigation for themselves, 233, L1 and 2 do that, well, L1 in particular does that for the deemed entity on behalf of the deemed entity to spare it the expense, the burden, and the immediate risk of being in state court. The only forum to provide the protections that are needed are in federal court. The government's position that they can show up in state court and just show up and that that provides a protection, it doesn't even provide the one protection that they acknowledge is what's supposed to be provided. Government putting a piece of paper in a state court doesn't preclude the state court from doing anything. It doesn't stay to deadlines of anything. It doesn't stop the process. The only thing that stops the process and gets the issues resolved is being in federal court. The district court below got this case wrong for one critical reason. It didn't understand the determination that constitutes the basis for removal of jurisdiction. It invented a new determination and it called it a scoping decision. And by that, it refers to what the HHS secretary, the Department of Health and Human Services secretary does in section 233, L1. All the secretary is doing there is confirming that a final and binding decision was previously made. It's basically saying, I'm just looking to see if you had an occurrence-based insurance policy at the relevant time. If you did, and you've asked for coverage already at this point in the process, if you did ask for, I'm sorry, if you did have that policy in place at the time of the events identified in the complaint, then any dispute there under is in federal court, which makes a lot of sense because the dispute there under is a dispute about federal immunity that pits the interests of the federal government against the individual. The federal government has clearly a self-interested view, just like an insurance carrier has a self-interested position with respect to its insured. Before you move on, your immunity defense is your federal defense for the fourth prong under the separate analysis of 1442. Yes, Your Honor. Correct. Yes, Your Honor. If we were to disagree with your scoping decision argument here, that would also eliminate your federal defense. I don't believe so, Your Honor. The scoping decision, if you were to find one in the statute, would only allow the government to, well, I guess in a procedural sense, maybe the answer to the question is yes, but in a substantive sense, no. The basis of the immunity is conferred by the final and binding deeming decision. That is made in advance necessarily. If you're someone doing an activity for which you need protection, you ask for that in advance, like you get an insurance policy in advance, and you're given it in a final and binding way here. That policy and that protection is what confers the immunity under 233A. Whether there's an agreement or disagreement under that, that can happen. The government very often says, we agree with your request for immunity, we'll step in and voluntarily take over. When we disagree, then you need a forum to resolve that dispute. That's what we've seen in the Agin case out of the Second Circuit, the Lane, Friedenberg versus Lane County out of the Ninth Circuit. We've seen it in Smith v. Harbison out of Georgia. We've seen it in Greater Philadelphia Health Authority out of Philadelphia. There are numerous cases where the government gets it wrong. And when they get it wrong... Congress didn't provide that avenue for disputing that. I respectfully disagree, Your Honor. And the government concedes that in this case, in Section 233L2. They just claim to be the gatekeeper to when a federal court can exercise the jurisdiction to disagree with the government. That's literally their position, is that they can, by simply appearing in state court, stop the case from getting to federal court under L2. Stop what this court in Campbell v. Frangiari recognizes the function of L2. So the idea that the government only has its decisions questioned when it wants them to be questioned doesn't make any sense. The idea that that authority would exist in 233L2, but the government can prevent it from ever getting there in 233L1 pits those two provisions against each other. And they're not working in conflict. They're working for the same purpose. And I think the second sentence in 233L1 is the critical sentence that indicates, Your Honor, that the secretary is not making another decision. That second sentence in 233L1 says, Such advice, referring to what happens in the first sentence, such advice shall be deemed to satisfy 233C. But doesn't the first sentence say shall appear and shall advise? Yes. So you're saying that I'm not quite sure your argument is about advising the court then. So the only purpose for the government to show up and then give the advice that a federal court has, in other words, yes, you had a policy in place at the relevant time. The only reason to do that is to effectuate removal. The only reason the government would do that is if it wants to defend the case and substitute itself. Or you could read it as Section 20, like Section 2679D3 of the West Fall Act, Title 28. That's where the government disagrees with the defendant's request for coverage, but recognizes that that disagreement has to play out in federal court. OK, but how do you how do you explain and how do you get by the language in L2, where it says if the attorney general fails to appear in state court and it doesn't go on further to say what happens if the attorney general appears and doesn't advise, how do we get beyond how do we get beyond L2? I don't think it's hard, Your Honor. The word fail and the word appear have to be understood by virtue of the preceding provision. That preceding provision has a singular purpose. That's in the second sentence. There's only one reason for the government to show up, and that's to effectuate removal. If it does not effectuate removal, as the as the second sentence says, then it has failed to do that. And it buys into L2 then, right? Now, what we're our position is very much like what the Second Circuit said in Mount Vernon v. Celestine. Mount Vernon v. Celestine said 233L1 unambiguously equates the appearance in L1 to certification and therefore effectuating removal under 233C. So it equates appearance with certification as an alternative way to certify. It's not the same thing as certifying the way the government typically does. And that's why we'd point out that the district court below got the exact wrong signal from the 15 day piece, Judge Fisher, that is in the second section. The 15 day piece was not asking, did not ask the government to do the impossible. The government isn't expected to do an actual certification decision, which is a fact based inquiry based upon the respondeat superior law of the place. That's not going to get done in 15 days with busy U.S. attorneys all around the country. And they learn of a case and within 15 days, they're going to make that decision. No, they're not going to do that, nor are they required to. This is a shall be deemed to satisfy the certification. And even if the case gets so you're saying the 15 days is key to the appearance, not necessarily the advice, right? Well, both it's both runner. The advising is only as to the determination. That's a past determination. That's why it's doable in 15 days. This is an advanced decision that the secretary makes within 30 days of an application for a prospective period. So let's say last year, 2023, you submit an application. It's granted within 30 days for 2024. And a case arises in 2025. And we go, well, the facts were in 2024. Was there a deem determination in 2024? Let's see. Yes, there was. Does the complaint concern 2024? Yes, it did. Well, the plaintiff or the defendant rather wants immunity. The government isn't so keen on giving immunity in this case. So that case gets removed to federal court for that determination. If that doesn't happen, if you your honor, if you read the first sentence, the first for the government to have what we call the bag of tricks in our supplemental briefing letter, if the government can literally step in, which is exactly what it does and appear in 15 days and say, we're just thinking about it. That cannot possibly allow them to achieve the outcome that the Supreme Court and DeMartinez, the Magno said is impermissible. Their Justice Ginsburg said we use in cases like this where the statutes are maybe not as well-crafted as they could be. We use common tools of construction to figure out what's going on. And the same tool should be applied here. And that is you have a strong presumption of judicial review of executive branch actions, especially when they affect the rights and liabilities of parties to litigation. Let's go back to L2 a second. And assume you're correct on that. And what what is this? Tell me about this hearing that that the district court is to conduct conducts a hearing hearing. What are they to do? This is this is, in essence, what you're asking us to do is to send us back to the district court to conduct this hearing. What are they to do at that stage? There are lots of exam. Are we still are we still talking about removal at that stage? Removal versus remand? No. So what this court said in Campbell versus Frangieri is that if L2 is to have any effect, serve any purpose, it's to make the decision as to whether this case is a case where the United States government is the proper defendant and thus the exclusive remedy is a claim under the in the absence of the government having appeared at all. I mean, the language, the plain text just says fails to appear. I mean, isn't the determination in absence of the government actually making their position? The real problem with that, Your Honor, is what I've mentioned before is the second sentence of L1, which you have to read in peri materia with the first phrase of L2. They work together. They're a removal statute. So the idea that the government can because of the way the first phrase of L2 is worded, they can come in and appear and preclude review of their own decision to become the judge of their own case. That would be an absurd outcome. And I think there are very good textual clues that that's not what Congress intended either. And that is the second sentence, which says, if you such advice, there's only one effect that L1 recognizes to the appearance of the government. So the government can't appear and not have that effect. And that's essentially what they'd be doing with the reading you suggested of the first phrase of L2. They can't appear to defeat the one purpose of L1. If they fail to appear, in other words, fail to achieve the purpose of L1, then that's what L2 is there for. And all of this, if we step back, shouldn't be alarming because Congress wants immunity determinations to play out in federal court. There's decades of history under 1442. L2 and L1 came into existence after 1442, after 2679. And what it did was make some adjustments to achieve the same result in ways that were very beneficial to deemed defendants. The idea that all that could be taken away. Can the immunity question be raised in state court? It there's not a lot of authority on that. There's some case out of there's a Seventh Circuit line of cases. I can't remember the name off the top of my head, where I think it's Justice Judge Esterbrook says there's no reason that state courts cannot enforce federal rights, just like federal courts. But that is a lonely decision by various. But that's an accurate statement, is it not? Well, I think it is a fair statement. I just wish we could see decisions all across the country. You do not see decisions across the country where state courts adjudicate this immunity. The government has said in pleadings recently where this issue came up in California, they said recently there's no authority. So the government will say no authority. Maybe in this case, they'll say there is authority so as to bolster their position on the procedure. The only common thread to the government's position in all their cases is they don't want review in the case that they're talking in. If you look at the position they made in El Rio and the D.C. full judicial review of the secretary's deeming decision and any denial of coverage of a particular case. Why did they make that there? They made that there to try to preclude APA review. So that was an effort to say there's a remedy. It's adequate. You don't get this other review. And now here they're going to say L2 and L1 don't do what we say, which they've said in their briefs. So there's no I'm not spoiling any surprise. You're a little over here. So we'll hear from your adversaries. Good morning, Your Honors. Michael Idavia for APA leads may please the court. As we all know, federal courts are courts of limited jurisdiction. And so that means that there needs to be a statutory basis in order to hear the case. Appellants, as we heard, based their removal and the district court's jurisdiction on this framework under 233. 233 was basically an opportunity for the government to incentivize hospitals to perform services to underserved communities. As part of that, the government agreed to take on liability for these hospitals medical malpractice claims. So the 233 a framework quite literally covers medical malpractice claims. This is in a medical malpractice case. This case involves the independent business decision of the hospital to put a tracking technology on its website that surreptitiously transmitted. It's the putative class, the plaintiff and its patients data to a third party, Facebook, Google, for targeted advertising. This is this is unmoored to the promise of 233 and any federal obligation. Yeah, but isn't that a merits question? It is, Your Honor. But in order to understand what's going on here, I think it's important to put in perspective, because what they're trying to do is they're they knew that the Attorney General was not going to agree that this immunity would fall within the scope of their employment. And certify their their status at the state court level. So what did they do? They removed to federal court under 233 L2 and 1442 a to basically cut out the Attorney General so that the Attorney General didn't have any opportunity to make that determination. And why should the Attorney General have that if HHS deemed them right? What's the role of the Attorney General at that stage? So 233 L circumscribes a very specific process to access the immunity. So just like I think my friend on the other side used the example of insurance, you know, the entity is deemed for the purposes of coverage under the under the plan, so to speak, the statute. But that doesn't necessarily mean that every claim that they make is covered under the auspices of the program. And that's why the statute very specifically contemplates a numerous points, a a decision that is made as to whether the entity is acting within the scope of it. Can you really do that in 15 days? I mean, you know, for instance, this this is maybe one that's a little more complex, or maybe it's typical. I don't know that much about the public health services across the country. But, you know, if you go down to Frederickstown, which is way down in the southwest corner of Pennsylvania, you're gonna have a hard time finding Centerville Clinic. Because it's a group of, you know, multi locations that help to serve the indigent and rural Pennsylvania. Absolutely. And sorry, go ahead, Your Honor. I mean, I think our position is that that is exactly why the statute only requires appearance within 15 days, not also this necessary scope determination. And to that point, 233. I guess my point was in describing that a bit is, you know, that's not a 15 day determination for somebody to make as to whether or not what was done on a website and what subsequent third party may have gotten through a website. That's a merits question. And it's going to take some testimony. Well, Your Honor, I think that the the attorney general has an obligation under the plain language of the statute to first make that determination. And he did not in this case, he didn't do it in 15 days. Well, where does that put Centerville? Well, to be clear, he, the attorney general appeared for the limited purpose of making that decision. And in fact, he didn't make it. Well, he didn't. They didn't say that they didn't make it. They said that a decision was forthcoming for the very problem that you you identified that they didn't have all access to the records yet. And that's why 233 C specifically allows the attorney general to remove at any time before trial. And so basically, Congress contemplated that this process of making a determination as to whether they acted within the scope of employment would exceed that 15 days. Otherwise, why would Congress add in 233 C that they also could remove at any time before trial? I mean, that language or the follow up question would be, why did Congress add L2? Well, Congress added L2 specifically for the reason that before the L provisions were added to to the statute, hospitals would be waiting for the attorney general to appear in court, but the attorney general would never appear to make this determination. And so they would be faced with default. Well, let me let me dig in a little bit deeper then. All right. So the 15 days you're saying only deals with the appearance, not the advising part, right? Correct. What's a party to do if the attorney general just appears and then it takes a year to advise or something? I mean, do they have any recourse at all? Well, Your Honor, the statute doesn't contemplate any recourse. And I think there's a couple of reasons for that. First is simply put that they're not enduring some irreparable harm by continuing to litigate a case. And 233 C allows the attorney general to come in and remove at any point before trial. But putting that aside, there is a practical thing that they can do, which is they can ask the state court to stay the case pending a decision. And isn't the other recourse 1442? No, Your Honor, because in that circumstance, now you're getting into a into a case where the attorney general is completely usurped from making any sort of decision. And so they're now in a position where the statutory framework, which my friend on the other side acknowledge is a procedural prerequisite to getting that immunity. That threshold determination is not being made. And so, you know, you wait a minute. Attorney general attorneys general don't grant immunity. Courts do. Sorry, can you repeat that? I say attorneys general don't grant immunity. The statute grants immunity and the court makes a determination as to whether or not there's an entitlement of immunity. That's absolutely right. But here the statutory framework is the immunity is kind of different. Basically, what's happening is the attorney general is coming into the case to litigate the case in federal court under the Federal Tort Claim Act. Are you saying that the decision of the attorney general is unreviewable? There is no reviewable. There's no provision in the statute that independently provides a review of the attorney general's decision if he denies certification. Yes, that is what I'm saying. So it's unreviewable is unreviewable. That's a lot of authority for Congress to give the executive branch. Well, your honor, Congress is or the attorney general is tasked with the liability of these cases. And so just as any sort of insurance carrier can make determinations as to whether something is covered or not within the scope of its policy, I think by delegating this authority to the attorney general to say, hey, you need to decide whether this falls within the scope of the obligation that you undertook as part of this federal grant program. You know, I think that that makes perfect sense, at least to have first dibs and to decide, you know, assuming they appear. If you falter on that obligation and don't appear, then you get to federal court and you can get an independent determination at that point from the federal district court. Your question, I'm sorry. No, I was, I'll read it. All right. Okay. Do you have any, I saw you had some district court decisions, but do you know of any circuit decisions where a court held that a more specific removal statute precluded removal under section 1442A1? I'm not aware of a of a circuit opinion that has addressed that exact point. However, I would point you to the Supreme Court case that dealt with a venue statute. I can't pronounce the name, Rob something. And in that circumstance, the Supreme Court basically said that, you know, even though there may be a general venue provision that in theory could let you go to a different district court, that the more specific venue provision governed and otherwise would be rendered superfluous under that statute. So I think there's sort of a analytical analogy there that we have to, you know, again, this is L2 is a, and I think Judge Chigares, I think you said this in the Campbell case, you know, it's a limited implied right to subject matter jurisdiction to do just one thing, which is determine the scope of employment in the district court. And so that entire framework would be swallowed, that limited right would be swallowed if we can just go to federal court under 1442A and have that make that same determination and then proceed in federal court. Let's say a district court were to determine under 1442 that a clinic was acting under a federal agency or officer. Would you agree then that the immunity defense would still be available to them regardless of any attorney general decision that they were not a public health employee for purposes of 233L? No, Your Honor, I don't think that that's true, because the immunity provision specifically requires, at least from state, when you're removing from state to federal court, that the attorney general certify and step in to decide to substitute the question. With all that to say, if they were entitled to the immunity, then the federal government would have to come in and litigate the case under the Federal Tort Claim Act. So under 1442, a separate basis of jurisdiction could be that they're acting under a federal agency. And as someone acting under a federal agency, would they be able to avail themselves of a federal immunity defense? Well, the question as to whether they can avail themselves of that federal immunity defense goes back to the statute that circumscribes that federal immunity defense and the statute. Isn't that more, your opposing counsel argues that that section is more like an occurrence made section using insurance law. I think he's referencing Section 233C. Sorry, what's your question? My question is, isn't it more like an occurrence policy? Sorry, when you say occurrence policy, you mean just something that... Insurance policies are either occurrence or claims made. Right, right. But here, the statute and even 23C specifically says that there needs to be a determination as to whether they acted within the scope of employment at the time of the incident out of which the suit arose. But they're arguing that that means whether or not they were deemed a federal employee during a time period. Right, I understand. But I don't see how you could... You don't read that section that way. I don't because an initial deemed decision just basically means, Judge Fischer, that you're covered by the policy, right? Right. You can't make that prospective at the time of coverage. You don't know what the facts of the lawsuit are because it hasn't been filed yet. So there needs to be a case by case determination, which I think is well supported by... You're saying the party's relationship is irrelevant. I'm not saying it's... Here, it's irrelevant. Absolutely. Because the relationship between my client, Centerville, for the purposes of the statute has nothing to do with medical malpractice or any of the obligations as far as this tracking technology goes, right? And so really, there's just no connection between any of the federal obligations under the statute and this program. All right. Thank you. Thank you. We'll hear from our friend from the appellate staff. Thank you, Your Honor, and may it please the court. I'm Dana Karasvon for the United States. I'd like to just start by going back to the language of L2, which provides removal only if the attorney general fails to appear. That's really clear, and I think that settles this case, whatever... The attorney general appeared. The attorney general also said that the health center, it appeared within 12 days, said the health center is deemed, right? It answered that general question, but that they didn't yet have the information necessary to make the specific coverage determination. Although it doesn't matter for this case, it is very important that advice is with respect to the acts and omissions that give rise to this suit. It is a case-specific determination. Not the relationship between the hospital and government. I'm not sure. Not just that it's deemed. We did do that within 15 days, so if that's what it means, it's taken care of. That's not what it means. The statute says, are they deemed with respect to the acts or omissions that gives rise to the suit? That requires a case-specific determination because health centers aren't government employees. They're not covered for everything that they do. They're only deemed counterfactual assumption and only for purposes of this section, the statute says, so for purposes of 233. It's really important to know that that's a case-specific determination. Make sure I understand your interpretation and your letter was very helpful. All your letters are very helpful, even though they came to different conclusions. Your interpretation is that when the attorney general appears, like he did in this case, 12 days, and said that they were deemed, the attorney general has to take that important step of actually removing the case. Somebody has to remove the case. State courts just don't back up cases and send them down here. Somebody has to file a removal petition. Oh, no, your honor. No? You got to be really careful here. Tell me how it gets here. Yes, so it only gets here if the attorney general, once the attorney general appears, so now we're in the L1. He's there and he says it's deemed. Right. So I want to be really careful because there are two questions, right? There is, is the health center deemed and does the deeming extend to the acts or omissions that get raised to the state? I understand that. I wasn't trying to trick you into saying, I wasn't trying to do that. I was trying to make sure I understood the mechanics. Somebody has to petition to move the case. We used to call it here in Pittsburgh, up the street, down the street. We're down the street here. You have to move it from up there to down here. Right. So if the attorney general comes in under L1 and the attorney general decides that they're deemed with respect to these particular acts or omissions, then the attorney general moves it down the street. Okay. That's. You adopted the down the street. That's always been very important in this town. Can I ask you to read the statute the way Mr. Freitas asked us to, that is in conjunction with L1, would we first have to find that fails to appear is ambiguous? That the words fails to appear is ambiguous. I didn't. Well, I think so, Your Honor. And I just don't think there's any room for that. I mean, the 11th Circuit in Allen versus Christenberry said, you know, there's only removal if the attorney general fails to appear the 9th Circuit in an unpublished decision. And Sherman came to the same conclusion. So, you know, Congress used appear and advise in L1 and only appear in L2. If you didn't appear, then you wouldn't be advised. Sure. Do you agree that the decision that your office makes in a circumstance like this is unreviewable? So the attorney general, sorry, the statute does not create a mechanism for direct. So how do we, how does one review the decision you make? Well, what the 11th Circuit said is that the federally supported Health Centers Assistance Act, in that statute, Congress left the determination of the defendant's employment status to the secretary. It's not surprising. It's how it worked for government employees until Congress enacted a new scheme for them in the Westfall Act in 1988. This is the way that it has worked. The fact that you have an immunity argument under federal law anyway, just to go back to the text of L2, the fact you have an immunity argument under federal law does not get you into federal court. So then you agree that with Judge Easterbrook and the question that I, at least they referred it to Judge Easterbrook, that if this case stays in state court, that they have an opportunity to raise immunity. So there were a number of cases involving government employees before the Westfall Act and courts did different things with those cases. It's a little complicated. I don't want to get into right now what the state court can do. But I think the key is that this is a statute that puts these cases in state court, because what we have is a state lawsuit between private parties and state courts deal with this. You cleverly didn't answer my question. Your Honor, it is... It could be raised. I'm not saying it will be successful. Do you agree it could be raised? It could be raised. I'm not going to say that they would prevail. Certainly, they wouldn't here. I wasn't asking for that. I was just saying, was there a forum? Yes. I talked a little bit with your adversary about the 15 days. And does that apply to both appearing and advising in the government's position? I think it's unclear. And of course, we don't need to reach it here. Yes, Your Honor. So the 11th Circuit said it did. I do think that there's some ambiguity in the text. But the key is that what the government has to advise, whether within 15 days or not, is whether the determination has been made, whether that case-specific determination has been... Bottom line, they have to advise... We did. Well, you appeared in 15 days, but advised after that, right? No, JA94. So we appeared on day 12, and we said the health center is deemed. We don't think that's the case, just the specific determination and L1, right? But we did say the health center is deemed. And we said no decision has yet been made. That's the whether a decision has been made, because we don't have the information that we need yet. And what about the question we wrote to you about? Do you want to address that? Yes, Your Honor. But I think the question of whether 233 forecloses 1442 makes it sound like there was some time at which 1442 would have applied. And that's just not the case, right? These health centers are not federal officers. They're not acting under federal officers. Congress didn't think that they could remove under 1442, right? That was the whole purpose of 233, to prevent default judgments, because they had no other way of appearing. So when Congress responded to that fact that there was no way to remove with this carefully limited removal right as part of the specialized scheme, it would be very bizarre to say that that then blows open 1442, right? Just going back to the main thing that they could never remove on the basis of 1442. That's right. And their whole argument that they should be treated like a specific set of facts. Well, I think health centers generally things controlled by 233 L two are just generally not going to be federal employees. I'm not aware of an exception to that. Because right to count as acting under, you need a special relationship where the federal government delegates legal authority to the parties to undertake a task on behalf of the government. What if the government said, we want all clinics to have patient portals, and we're going to pay for that? Wouldn't that be acting under? No, Your Honor. And that's getting pretty close to more where the government had incentive payments to the Um, well, so there were, I mean, just assume the government wanted to do patient portals and contracted with a clinic. I mean, that would be acting under for 1442, wouldn't it? Well, what you would look at is whether you're producing the patient portal for the government, or for the private entity to do the private entities business. And so, you know, here, it's clear if you wanted to, if the government contracted with to make patient portals for the government, that would be really different from what we have here. But here we have, right, we're looking at whether the government that the private party is doing the government's business or merely their own. And here, they're, they're doing their own, of course, aren't they? This is more merits question, I think, where we are in this case. But really, I mean, the way this Centerville Clinic is set up, it's a whole host of multiple sites, they're trying to gather data to help the patients that they serve in our catchment area. And why isn't this something that they would be doing on the behest or to help the government's mission? That's what they're there for. And that's why the government's funding them. I mean, I don't know, it's such a slam dunk that this is outside the scope of what the government asked them to do. Sure, Your Honor. So there are a couple of things I'd like to say about that. The first thing is that the fact that the government likes something, the fact that it's consistent with government policy, that doesn't get you to... I didn't, I didn't say that. I didn't say that. No, I didn't say that. But I don't know that in, you know, in this, in this age of information gathering, which is certainly very, almost exclusively virtual, how getting that information and maybe posting some notices on Facebook, I don't know how that's necessarily inconsistent with their mission. So I'm not saying anything is inconsistent with their mission, but 233 provides FTCA coverage for suits. The Fourth Circuit recently said that the injuries because of the provision of health care, but it's not, the question isn't whether this is within 233 or not, right? If they're not within 233, by, whether because of 233, they can somehow get into federal office removal. We know Congress didn't think that was true, or Congress wouldn't have passed 233. Sorry, 233 does a lot of things, but it wouldn't pass 233L, which was about default judgments, because as Congress said, when they passed it, only the attorney general could remove these cases before then. They couldn't use federal officer removal. So the fact they're doing important things, you know, lots of people do important things. They get grants from the government to do important things. We want them to do those important things. That doesn't make them all acting under federal officers. Well, that may take them out of 41442, but put them back into 233L. Yes, Your Honor. And that gets us to the language of 233L2, which says if the attorney general fails to appear, but you're right. Back to what I was saying about the sort of, I guess, the interplay between these sections, your adversary points out that the Advin case in Second Circuit, they pointed out there were cases where the government removed under both. You're telling me one is completely inapplicable. Doesn't that lend some credence to your adversary's argument that you could use both? No, Your Honor. People make mistakes, but when government attorneys make mistakes, it doesn't change the meaning of statutes. If there are no further questions, I would ask the court to affirm. Thank you. I'd like to start off by answering the question of why did Congress add L2, Judge Fisher? It added L2 because even though the government was given a mandatory duty, non-discretionary, given the history, it had reason to expect that the government might not do what the mandatory duty was, which was to effectuate the second sentence of L1. So the deemed defendant might have to do that. There's a lot of references to the AG disliking this program and meddling in deeming determinations by the Secretary. It's no accident that Congress stripped away a lot of discretion between the 1992 version of this statute and the 1995 version. In 1992, the Secretary had to consult with the Attorney General on the deeming decision. It was right in the statute. That led to problems. That language disappeared in the 1995 statute. Not only that, Congress made the Secretary's decision, which is the deeming decision under 233 G and H, final and binding on not just the Attorney General, but on the Secretary too, and that's really important. That means the Secretary can't undo in 233 L1 what it just had to do in a final and binding way on itself. So that's effectively what happens. If the Secretary can give a deemed status and the immunity that goes with it, and then L1 say, you know, but I don't think it applies here. But your reading seems to totally ignore the part of the statute that says with respect to the actions or omissions. No, Your Honor. Our brief goes into real good detail on that. What we say is that language, and this is, I'm going to give the site to the record that where it's the government that's analogizing this immunity to an occurrence-based policy. It's at Appendix 98. That's the government saying this is like an occurrence-based policy. So what do you have to do when a claim arises and you have to assess whether an occurrence-based policy applies? You have to look at whether the policy was in place. That's the deeming determination under G and H for the year in which the acts or omissions occurred. That happens every single day in insurance land where occurrence-based policies are in play. And it's not a claims-made policy, Your Honor, where 10 years from now, a claim could arise from a year in which a deemed status existed. That claim can be covered. Does not matter how long it takes for the claim to arise. It matters whether the policy was in existence and the facts in the complaint gave rise to a claim in that period. And so that's the phrase you're referring to, Your Honor. That phrase is what indicates that this is an occurrence-based policy. There's no other phrase in the statute that gives it that clear language. You could really look at that appendix site that I gave as the agency's interpretation of that phrase. That's why it's saying it's an occurrence-based policy. I want to say, too, that Congress didn't give an immunity that's the same immunity that federal officers get and then give two mechanisms. There's no question both of them can get the case into federal court, L1 and L2. Clearly can do that. The government acknowledges it. They just read it in a different way. L2, clearly this court has said it can. The government's position would essentially allow it to serve as a gatekeeper to that review. And it didn't want to answer the question of whether that review is available anywhere else. I don't think it gets to do that. This is a significant immunity. It's an individual right. And judicial review is one of our bedrock principles in this country. And the executive branch doesn't get to make decisions about the rights and liabilities of individuals without courts getting to review. And the place to review is federal court, not state court. And that's also evident and clear from L1 and L2. That's Congress's expression of where it wants these cases to play out. I had other points, but I've already gone over. Thank you, Your Honors. We'll take this case under advisement. We'd like to thank counsel for their excellent briefing and oral argument today.